UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually,       :
                                                :
            Plaintiff,                :

v.                                         :
                                          :  Case No. 1:14-cv-10971

TREETOPS ACQUISITION COMPANY,  :
LLC., a Michigan Limited Liability Company,  :
                                         :

           Defendant.             :
_____/ :
                                         :
                                         :

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
### (w/Jury Demand Endorsed Hereon)

Plaintiff, MICHAEL MILES, Individually, (sometimes referred to as "Plaintiff"), hereby sue the

Defendant, TREETOPS ACQUISITION COMPANY, LLC, a Michigan Limited Liability

Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees,

litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181

et seq. ("ADA").

## PARTIES

1.     Plaintiff, MICHAEL MILES, is an individual residing in FINDLAY, OH, in the County

        of HANCOCK.

2.     Defendant's property, TREETOPS RESORT is located at 3962 Wilkinson Rd, Gaylord

        MI in OTSEGO County.

## JURISDICTION AND VENUE

3.     Count I is brought pursuant to the laws of the United States, therefore the Court has

        jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative

        fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.     Venue is properly located in the Eastern District of Michigan because venue lies in the

judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

5.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6.  Plaintiff, MICHAEL MILES is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Michael Miles is paraplegic and uses a wheelchair for mobility. MICHAEL MILES visits Gaylord and the surrounding area, including Ostego County, Michigan, for golf trips and family vacations several times annually and has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.  Michael Miles is an avid golfer and has firm plans to return to the Treetops Resort to golf and stay as a hotel guest. Mr. Miles has accommodation reservations to Treetops Resort currently booked for September 26, 2014.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.

7.  Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access;

proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits as a golfer and hotel customer, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

8.    Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as TREETOPS RESORT is located at 3962 Wilkinson Rd, Gaylord MI in OTSEGO County..

9.    MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  MICHAEL MILES desires to visit TREETOPS RESORT not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment

of the property without fear of discrimination.

10.    The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of TREETOPS RESORTS has shown that violations exist.  These violations include, but are not limited to:

**The Lodge**

Guestrooms

    A.    Threshold to patio in excess of 1/2 inch in violation of the ADA whose remedy is readily achievable.

    B.    Curtain wands installed and situated outside designated reach range in violation of the ADA whose remedy is readily achievable.

    C.    Kitchenette faucet hardware require tight clasping in violation of the ADA whose remedy is readily achievable.

    D.    There are no resort guestrooms with accessible roll-in showers whereas at least 4 are required, in violation of the ADA whose remedy is readily achievable.

    E.    There are an insufficient total number of designated accessible guestrooms whereas at least 10 are required, in violation of the ADA whose remedy is readily achievable.

    F.    Designated accessible guestrooms are not dispersed among the various classes of guest rooms, and do not provide choices of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests. This is in violation of the ADA whose remedy is readily achievable.

    G.    There are exposed drain pipes without proper insulation to prevent scalding in guestroom bathroom in violation of the ADA whose remedy is readily achievable.

    H.    Bathtub faucet controls are not located in accordance with code provisions in violation of the ADA whose remedy is readily achievable.

I.      Guestroom bathroom amenities mounted in excess of designate accessible reach range in violation of the ADA whose remedy is readily achievable.

J.      Guestroom amenities such as iron, extra pillows/blankets are located in excess of allowable reach ranges in violation of the ADA whose remedy is readily achievable.

Parking

K.      Designated accessible parking spaces lack or have non-compliant access aisles in violation of the ADA whose remedy is readily achievable.

L.      Insufficient number of designated accessible parking spaces in violation of the ADA whose remedy is readily achievable.

M.      No designated van parking space(s) in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

N.      Registration desk counter exceeds 36 inches in violation of the ADA whose remedy is readily achievable.

O.      Fitness center amenities mounted in excess of allowable reach in violation of the ADA whose remedy is readily achievable.

P.      Indoor and outdoor swimming pools do not have required adaptive pool lifts in violation of the ADA whose remedy is readily achievable.

Q.      Swimming pool shower mounted in excess of allowable range and does not have detachable shower head and cord in violation of the ADA whose remedy is readily achievable.

R.      Swimming pool shower has faucet controls that require tight clasping and gripping in violation of the ADA whose remedy is readily achievable.

S.      Door hardware to enter spa area requires tight clasping and gripping in violation of the ADA whose remedy is readily achievable.
T.      There are no accessible tables in the pool lounge area in violation of the ADA whose remedy is readily achievable.

U.      Emergency and courtesy phones are mounted outside designated accessible reach range in violation of the ADA whose remedy is readily achievable.

V.      A courtesy guest shuttle is provided to transport between courses and lodges but no accessible transportation is made available in violation of the ADA whose remedy is readily achievable.

Accessible Routes

W.    There is no accessible passenger loading zone in violation of the ADA whose remedy is readily achievable.

X.    The slope on accessible route to main Lodge entryway exceeds allowable grade in violation of the ADA whose remedy is readily achievable.

Y.    Door width to access dry sauna has insufficient width in violation of ADA whose remedy is readily achievable.

Z.    Threshold at pool entrance in excess of one half inch in violation of the ADA whose remedy is readily achievable.

AA.    Stair handrails do not have required extensions in violation of the ADA whose remedy is readily achievable.

BB.    The threshold at exterior entryway to suites and meeting rooms is in excess of one half inch in violation of the ADA whose remedy is readily achievable.

CC.    An interior accessible route to the meeting rooms (if any) is not identified with proper signage in violation of the ADA whose remedy is readily achievable.

DD.    There is no accessible route to enter or access the lodge tennis court facilities in violation of the ADA whose remedy is readily achievable.

Lobby Restroom

EE.    Coat hooks are mounted outside designated accessible range in violation of the ADA whose remedy is readily achievable.

Meeting Room Restrooms

FF.    Designated accessible toilet stalls lack required clear floor space in violation of the ADA whose remedy is readily achievable.

GG.    Coat hooks mounted in excess of allowable reach ranges in violation of the ADA whose remedy is readily achievable.

HH.    There are exposed pipes under sink without proper insulation to protect for scalding and burning in violation of the ADA whose remedy is readily achievable.

**Legends on the Hill/Hunter's Grill/The Sports Bar**

Parking

II.    Designated accessible parking lack or have insufficient access aisles in violation of the ADA whose remedy is readily achievable.

JJ.     Designated accessible parking spaces do not have signage identifying it for the disabled in violation of the ADA whose remedy is readily achievable.

KK.     Designated accessible parking on slope significantly in excess of 2 percent in violation of the ADA whose remedy is readily achievable.

LL.     There are no designated accessible van parking spaces in violation of the ADA whose remedy is readily achievable.

Accessible Routes

MM.     There are numerous cracks and changes of level in excess of 1/2 inch on the accessible route in violation of the ADA whose remedy is readily achievable.

NN.     The ramp on accessible route to restaurant entryway has excessive slope in violation of the ADA whose remedy is readily achievable.

Restrooms

OO.     Baby changing table impedes clear floor space of toilet stall in violation of the ADA whose remedy is readily achievable.

PP.     No or insufficient latch side clearance to exit restroom in violation of the ADA whose remedy is readily achievable.

QQ.     Designated accessible toilet stall grab bars are improperly configured or simply missing in violation of the ADA whose remedy is readily achievable.

RR.     Toilet unit flush control in accessible stall not mounted on open side of unit in violation of the ADA whose remedy is readily achievable.

SS.     Mirrors mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

TT.     Pipes under sinks lack required insulation to protect from scalding and burning in violation of the ADA whose remedy is readily achievable.

**Ski Slope and Ski Services**

UU.     Ski lift terminal does not have a level drop off area in violation of the ADA whose remedy is readily achievable.

VV.     No accessible route to enter the skiers warming hut due to steps on the route in violation of the ADA whose remedy is readily achievable.

WW.     Skier Services entryway has a greater than 1/2 inch threshold in violation of the ADA whose remedy is readily achievable.

XX.     There is no handicap access to patios and picnic table due to steps on the accessible route in violation of the ADA whose remedy is readily achievable.

YY.     There is no handicap access to equipment rental, tubing and Kids Center in violation of the ADA whose remedy is readily achievable.

ZZ.     There is insufficient designated accessible parking in ski services area, including lack of access aisles, in violation of the ADA whose remedy is readily achievable.

AAA.   Designated accessible parking space signage is not maintained and has been defaced with "Get Lost" graffiti.

## Convention Center

BBB.   The convention center has no designated accessible parking in violation of the DA whose remedy is readily achievable.

CCC.   The interior spaces of convention center require inspection by the Plaintiff to evaluate extent of compliance therein.

## The Masterpiece

DDD.   No accessible route to enter the clubhouse in violation of the ADA whose remedy is readily achievable.

EEE.   The clubhouse restroom toilet stall has insufficient clear floor space in violation of the ADA whose remedy is readily achievable.

FFF.   There are no grab bars in the clubhouse restroom designated accessible toilet stall in violation of the ADA whose remedy is readily achievable.

GGG.   Clubhouse restroom pipes under sinks lack required insulation to protect from scalding and burning in violation of the ADA whose remedy is readily achievable.

### Course Restrooms

HHH.   Masterpiece Hole #5 restroom has improper door hardware that requires clasping & twisting in violation of the ADA whose remedy is readily achievable.

III.    Masterpiece Hole #5 restroom has insufficient clear floor space to maneuver toilet stall in violation of the ADA whose remedy is readily achievable.

JJJ.    Masterpiece Hole #5 restroom has no grab bars in accessible toilet stall in violation of the ADA whose remedy is readily achievable.

KKK.   Masterpiece Hole #5 restroom pipes under sinks lack required insulation to protect from scalding and burning in violation of the ADA whose remedy is

readily achievable.

LLL.   Masterpiece Hole #5 restroom mirror mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

MMM. Masterpiece Hole #5 restroom dispensers are mounted at height in excess of allowable range in violation of the ADA whose remedy is readily achievable.

NNN.   Masterpiece Hole #15 restroom duplicates Hole #5 exactly with same identified barriers to access.

OOO.   Treetops House located at Hole #11/18 restroom has insufficient clear floor space to maneuver toilet stall in violation of the ADA whose remedy is readily achievable.

PPP.   Treetops House restroom toilet stall has non-compliant grab bar configuration in violation of the ADA whose remedy is readily achievable.

QQQ.   Treetops House restroom pipes under sinks lack required insulation to protect from scalding and burning in violation of the ADA whose remedy is readily achievable.

RRR.   Treetops House restroom dispensers are mounted at height in excess of allowable range in violation of the ADA whose remedy is readily achievable.

SSS.   Treetops House restroom mirror mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

TTT.   Treetops House restroom has improper door hardware that requires clasping & twisting in violation of the ADA whose remedy is readily achievable.

## Treetops North

Clubhouse Restroom/Locker room

UUU.   Clubhouse restroom pipes under sinks lack required insulation to protect from scalding and burning in violation of the ADA whose remedy is readily achievable.

VVV.   Coat hooks mounted at height in excess of allowable reach in violation of the ADA whose remedy is readily achievable.

WWW. Toilet unit flush control in accessible stall not mounted on open side of unit in violation of the ADA whose remedy is readily achievable.

XXX.   Locker room shower does not attached have fold down shower seat in violation of the ADA whose remedy is readily achievable.

YYY.   Locker room accessible shower has no detachable head with hose in violation of

the ADA whose remedy is readily achievable.

Accessible Routes

ZZZ.  Threshold in excess of 1/2 inch at clubhouse main parking level entryway in violation of the ADA whose remedy is readily achievable.

Parking

A4.  There are no designated accessible van parking spaces in violation of the ADA whose remedy is readily achievable.

Fazio Premeir

B4.  Fazio Premier Hole #1 drinking fountain is not accessible in violation of the ADA whose remedy is readily achievable.

C4.  Fazio Premier Hole #3 designated accessible tee access restricted by ropes and posts in violation of the ADA whose remedy is readily achievable.

D4.  Fazio Premier Hole #4 has no accessible route to any of four tee boxes in violation of the ADA whose remedy is readily achievable.

E4.  Fazio Premier Hole #12 has no access to tee-boxes due to railroad tie barriers, posts & ropes in violation of the ADA whose remedy is readily achievable.

F4.  Fazio Premier Hole #14 has no accessible route to any of four tee boxes in violation of the ADA whose remedy is readily achievable.

Fazio Premier Restrooms

G4.  Hole #5 shelter house and restroom has improper door hardware that requires clasping & twisting in violation of the ADA whose remedy is readily achievable.

H4.  Hole #5 shelter house and restroom has insufficient level landing area to open door in violation of the ADA whose remedy is readily achievable.

I4.  Hole #5 shelter house and restroom pipes under sinks lack required insulation to protect from scalding and burning in violation of the ADA whose remedy is readily achievable.

J4.  Hole #5 shelter house and restroom has insufficient clear floor space to maneuver toilet stall in violation of the ADA whose remedy is readily achievable.

K4.  Hole #5 shelter house and restroom has no grab bars in accessible toilet stall in violation of the ADA whose remedy is readily achievable.

L4.  Hole #5 shelter house and restroom mirror mounted in excess of allowable range

in violation of the ADA whose remedy is readily achievable.

M4.    No accessible route to Hole #14 restroom in violation of the ADA whose remedy is readily achievable.

N4.    Hole #14 restroom duplicates Hole #5 exactly with same identified barriers to access.

O4.    There is no accessible route to Hole #11/18 shelter house/halfway house restroom due to steps on the accessible route in violation of the ADA whose remedy is readily achievable.

P4.    Hole #11/18 shelter house/halfway house restroom coat hooks mounted at height in excess of allowable reach in violation of the ADA whose remedy is readily achievable.

Q4.    Hole #11/18 shelter house/halfway house restroom has insufficient clear floor space to maneuver toilet stall in violation of the ADA whose remedy is readily achievable.

R4.    Hole #11/18 shelter house/halfway house restroom toilet stall has non-compliant grab bar configuration in violation of the ADA whose remedy is readily achievable.

S4.    Hole #11/18 shelter house/halfway house restroom pipes under sinks lack required insulation to protect from scalding and burning in violation of the ADA whose remedy is readily achievable.

## Adaptive Golf Cart

T4.    There is no adaptive golf cart available for disabled golfers at any of the resort's five courses whereas, golf carts are offered to able bodied golfers, in violation of the ADA whose remedy is readily achievable.

## Policies & Procedures

U4.    The resort operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

12.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access

to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

13.    Plaintiff restates the allegations of ¶¶1-12 as if fully rewritten here.

14.    TREETOPS RESORT, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

15.    Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

16.    Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer

irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

17.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

<u>COUNT II</u>
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
M.C.L. § 37.1301 et seq.**

18.     Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19.     TREETOPS RESORT, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

20.     Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges, whereas, the Plaintiff paid for but was unable to golf on each of the 18 hole course at Fazio Premier. Furthermore, Plaintiff Miles incurred great personal expense to trailer his personal adaptive golf cart to Treetops Resort due to the 5 course resort's failure to supply any adaptive carts for the use of disabled patrons. Additionally, Plaintiff Miles experienced significant barriers to parking and accessible routes throughout all parts of the resort.

21.     Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow

full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

## JURY DEMAND

Plaintiff demands a jury trial on liability and damages for Count II.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr. - dated: March 5, 2014
Owen B. Dunn, Jr., Esq. MI Bar Number P66315
Law Office of Owen B. Dunn, Jr.
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net